UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MACIAS ORTEGA,<br><br>    Petitioner,<br><br>    v.<br><br>TANYA ANDREWS, Warden of the Golden State Annex Detention Facility, et al.,<br><br>    Respondent. | No. 1:25-cv-00730-HBK (HC)<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING<br><br>TEN-DAY DEADLINE |

Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex Detention Facility in McFarland, California, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging his "ongoing prolonged detention" without a bond hearing. (Doc. No. 1, "Petition"). Respondent filed a Motion to Dismiss on August 7, 2025. (Doc. No. 11). Petitioner elected not to file an opposition. (*See* Doc. No. 7 at 3, ¶ 4 directing a response to a motion to dismiss in twenty-one (21) days). On September 15, 2025, the Court's Order Re: Consent or Request for Reassignment sent to Petitioner on September 4, 2025 was returned as undeliverable. (*See* docket).

Federal courts have an independent duty to consider their own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section II of the Constitution, a federal court's

1

1  jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v.*
2  *Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist
3  throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for*
4  *Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies"
5  limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at
6  the time the complaint is filed,") (internal quotation marks omitted). To maintain a claim, a
7  litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v.*
8  *INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). In the context of a habeas
9  petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner
10  has received the relief requested in the petition; or (2) the court is unable to provide the petition
11  with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023)
12  (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v.*
13  *Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to
14  grant any effectual relief" on petitioner's claim).

15  The Petition, filed in June 2025, raised the following claim for relief: Petitioner's
16  "ongoing prolonged detention" of 12 months in ICE custody without a bond hearing violates his
17  Fifth Amendment due process rights. (Doc. No. 1 at 17-18). The Court's *sua sponte* search for
18  Petitioner in the ICE online detainee locator system returned zero (0) matching records.[1] Because
19  it appears that Petitioner may no longer be in ICE custody, the Court must first determine whether
20  this action is moot before considering its merits.

21  Accordingly, it is **ORDERED**:
22  1. Within **ten (10) days** from the date of this Order, Respondent shall submit
23  supplemental briefing to address whether this action is moot because of Petitioner's
24  release from ICE custody as reflected on the ICE online detainee locator system.

---

[1] *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/search (last visited October 27, 2025). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice that Bureau of Prisons' inmate locator available to the public).

2. In the alternative, if Petitioner has been transferred to another detention facility that is not reflected on the ICE online detainee locator system, Respondent shall notify the Court of Petitioner's location.

Dated:   October 27, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3