UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MACIAS ORTEGA,<br><br>    Petitioner,<br><br>    v.<br><br>TANYA ANDREWS, Warden of the Golden State Annex Detention Facility, et al.,<br><br>    Respondents. | No. 1:25-cv-00730-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS MOOT[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by Petitioner Jesus Macias Ortega while he was detained in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex Detention Facility in McFarland, California. (Doc. No. 1, "Petition"). The Petition raises a sole claim for relief: Petitioner's "ongoing prolonged detention" of 12 months in ICE custody without a bond hearing violates his Fifth Amendment due process rights. (Doc. No. 1 at 17-18). As relief, Petitioner seeks a bond hearing or immediate release from custody. (*Id*. at 18). For the reasons set forth more fully herein, the undersigned recommends dismissing the action as moot.

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

# I. BACKGROUND

## A. Procedural History

Petitioner initiated this action on June 16, 2025. (Doc. No. 1). On June 23, 2025, the Court ordered expedited briefing, directing Respondent to respond to the Petition within forty-five (45) days. (Doc. No. 7). On August 7, 2025, Respondent filed a Motion to Dismiss. (Doc. No. 11). Petitioner did not to file an opposition before the deadline. (*See* Doc. No. 7 at 3, ¶ 4 directing a response to a motion to dismiss in twenty-one (21) days). On September 15, 2025, the Court's Order Re: Consent or Request for Reassignment sent to Petitioner on September 4, 2025 was returned as "Undeliverable Detainee Not in Custody." (*See* docket). On October 27, 2025, after Petitioner failed to file change of address consistent with the Court's Local Rules, the Court undertook a *sua sponte* search for Petitioner in the ICE online detainee locator system, which returned zero (0) matching records. Thus, the Court ordered Respondent to submit supplemental briefing to address whether this action is moot because of Petitioner's release from ICE custody, or in the alternative, notify the Court of Petitioner's location. (Doc. No. 13). On November 4, 2025, Respondent filed supplemental briefing representing that Petitioner has been removed to Mexico. (Doc. No. 14). Respondent argues, as the Court is no longer able to grant the relief Petitioner requests, the action should be dismissed as moot. (*Id*.).

## B. Background

Petitioner, a native and citizen of Mexico, arrived in the United States around 1973, without being admitted or paroled, and in 1987 his status was adjusted to temporary permanent resident. (Doc. No. 11-1 at 2, ¶ 5, Exh. 5). In March 1993, Petitioner was convicted of murder in violation of California Penal Code § 187(a); and he was sentenced to life imprisonment with the possibility of parole. (*Id*. at 2, ¶ 6, Exh. 1). On May 16, 2024, following his release from state custody, Petitioner was detained by the Department of Homeland Security. (*Id*. at 3, ¶ 8, Exhs. 3, 4). ICE determined Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) due to his qualifying aggravated felony conviction for murder. (*Id*.). After a removal hearing on August 21, 2024, the presiding Immigration Judge ("IJ") found Petitioner was removeable, and Petitioner requested relief from removal and a bond hearing. (*Id*. at 3, ¶ 10, Exhs. 6-8). On

1  January 7, 2025, Petitioner's request for bond was denied, and on May 16, 2025, the Board of
2  Immigration Appeals upheld the bond decision. (*Id*. at 3, ¶ 12-15). At the time his Petition was
3  filed, Petitioner was detained at the Golden State Annex Detention Facility, awaiting an IJ
4  decision on his application for relief from removal. (*See id*. at 4, ¶ 16). On November 4, 2025,
5  Respondent filed supplemental briefing representing that Petitioner has been removed to Mexico
6  and is no longer in ICE custody. (Doc. No. 14).
7  ////
8  ////

## II. APPLICABLE LAW AND ANALYSIS

10  Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to
11  adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705
12  (2013) ("Article III demands that an actual controversy persist throughout all stages of
13  litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v.*
14  *Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that
15  "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is
16  filed,") (internal quotation marks omitted). Federal courts consider various doctrines, including
17  "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy"
18  requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961). To maintain a claim, a litigant
19  must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488
20  F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). A case must be dismissed if it
21  becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982).
22  "For a habeas petition to continue to present a live controversy after the petitioner's
23  release or deportation … there must be some remaining 'collateral consequence' that may be
24  redressed by success on the petition." *Abdala,* 488 F.3d at 1064. Here, the Petition only seeks a
25  bond hearing and/or release from immigration detention but asserts no collateral consequences
26  that can be remedied by a successful ruling on the Petition. Thus, Petitioner's removal cures his
27  complaints about the length of his detainment without a bond hearing. *See id*. (dismissing
28  petition as moot because detainee was challenging "only the length of his detention at the INS

1  facility" and "the original petition did not seek to redress collateral consequences arising from his
2  deportation."). Moreover, to the extent Petitioner sought relief from removal, his "removal also
3  moots his petition for a stay of removal that has already occurred." *Carpio v. Dep't of Homeland*
4  *Sec.*, 2020 WL 7418966, at *1 (C.D. Cal. Mar. 13, 2020) (citing *Abdala*, 488 F.3d at 1064
5  ("where a petitioner only requested a stay of deportation, his habeas petition was rendered moot
6  upon his deportation")).

7  Because Petitioner is no longer in ICE detention, the Court lacks jurisdiction to consider
8  the claim raised in the Petition. The undersigned recommends that the district court dismiss the
9  Petition as moot.

10  Accordingly, it is **ORDERED**:
11  The Clerk of Court is directed to assign this case to a district judge for the purposes of
12  reviewing these findings and recommendations.

13  It is further **RECOMMENDED**:
14  1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED as moot.
15  2. The Clerk of Court be directed to terminate any pending motions and close this case.
16  ////
17  ////

18  **NOTICE TO PARTIES**

19  These Findings and Recommendations will be submitted to the United States District
20  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
21  after being served with a copy of these Findings and Recommendations, a party may file written
22  objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned,
23  "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**
24  **(15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party
25  wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its
26  CM/ECF document and page number, when possible, or otherwise reference the exhibit with
27  specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by
28  the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     November 6, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE