# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MACIAS ORTEGA,<br><br>  Petitioner,<br><br>  v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | Case No.: 1:25-cv-00730 JLT HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 16) |

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner Jesus Macias Ortega, previously detained by U.S. Immigration Customs and Enforcement (ICE) custody, was proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the constitutionality of his detention in ICE custody without a bond hearing. (Doc. 1.) Respondent filed a Motion to Dismiss on August 7, 2025. (Doc. 11). Petitioner did not to file an opposition. (*See* Doc. 7 at 3, ¶ 4 directing a response to a motion to dismiss in twenty-one (21) days). On September 15, 2025, the Court's Order Re: Consent or Request for Reassignment sent to Petitioner on September 4, 2025 was returned as undeliverable. (*See* docket). On October 27, 2025, after a sua sponte search for Petitioner in the ICE online detainee locator system returned zero (0) matching records, the assigned magistrate judge directed Respondent to submit supplemental briefing to address whether the action was

1

moot. (Doc. 13). On November 4, 2025, Respondent filed supplemental briefing representing that Petitioner had been removed to Mexico, and arguing the action should therefore be dismissed as moot. (Doc. 16).

On November 6, 2025, the assigned magistrate judge issued Findings and Recommendations that because Petitioner was no longer in ICE custody, the Court lacked jurisdiction to consider the claims raised in the Petition, and the Petition should be dismissed as moot. (Doc. 16.) The Court served the Findings and Recommendations on all parties and informed them that objections were to be filed within fourteen (14) days after service. (*Id.*) In addition, the Court advised the parties "that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). No party has filed objections, and the deadline to do so has expired.[1]

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 6, 2025 (Doc. 16) are **ADOPTED** in full;
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.
3. The Clerk of the Court is to terminate any pending deadlines/motions and **CLOSE** the case.

IT IS SO ORDERED.

Dated:    **November 25, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] The Findings and Recommendations were also returned as "Undeliverable, Detainee Not in Custody" on November 19, 2025. (*See* docket.)